IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TOM LAMARRE**,
        Plaintiff,

v.                              No. 10-cv-1252 MCA/ACT

**EDDY BOWERS PUBLISHING, INC.**,
        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion To Remand To State Court* [Doc 7], which was filed January 25, 2011.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

**I.**      **BACKGROUND**

According to Plaintiff's *Complaint For Debt And Money Due* (*Complaint*) [Doc 1-2], he and Defendant, Eddy Bowers Publishing, Inc., have had a business arrangement since 1994.  [Id. at 4]  Plaintiff locates authors of educational books and materials for Defendant to publish and market.  [Id.]  Plaintiff is paid royalties by Defendant, based on the number of books sold by Plaintiff. [Id. at 5]  Beginning in 2002, Plaintiff alleges that his royalties began to decrease, and he estimates that his royalties went from approximately $54,000 per year in 2002 to $14,000 per year in 2007, 2008, and 2009. [Id.]  Between 2003 and 2010, Plaintiff repeatedly requested a list from Defendant of the

books sold for which Plaintiff should have earned royalties, but Defendant has not provided such a list. [Id.]

On November 18, 2010, Plaintiff filed the *Complaint* in the Second Judicial District, and set forth claims for (1) an accounting, (2) breach of express contract, (3) breach of implied contract, and (4) "course of dealing." [Id. at 5-7]  Defendant filed a *Notice of Removal* on December 29, 2010.  [Doc 1]  Plaintiff followed with a *Motion To Remand To State Court* [Doc 7] and argued that the *Notice of Removal* did not sufficiently establish the required amount in controversy.

## II.     ANALYSIS

Federal law provides that the United States District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a).  An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part, that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand.  See City of Neodesha v. BP Corp. N. Am., 355

F.Supp.2d 1182, 1185 (D. Kan. 2005) (*quoting* Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3rd Cir.1990)).  When removal is challenged, the burden rests with the removing party to prove that jurisdiction exists.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001)  To that end, the proponent for removal must "affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play."  McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008).  Any facts that are in controversy relating to the jurisdictional amount must be established by a preponderance of the evidence.  Id. (reaffirming that "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (internal quotation marks and citation omitted)).  If it is "legally certain" that the plaintiff's recovery will be less than the jurisdictional amount, the case must be remanded.  Id. (internal quotation marks and citation omitted).  In the present case, Plaintiff contends that the amount in controversy cannot be demonstrated to exceed $75,000 and thus, that diversity jurisdiction does not lie with this Court.

   Ordinarily, the amount in controversy is "determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Martin, 251 F.3d at 1290 (internal quotation marks and citation omitted).  The amount in controversy can also be determined with reference to documents filed in state court prior to removal, affidavits or other material submitted in federal  court after removal, or "documents that demonstrate [the] plaintiff's own estimation of [the] claim . . . ."

McPhail, 529 F.3d at 956.  With regard to the final category, our Circuit has approved the use of a plaintiff's settlement proposals as a "proper means of supporting the allegations in the notice of removal. . . ."  Id.

To establish the amount in controversy, Defendant points to both the allegations in Plaintiff's *Complaint* and the contents of a demand letter, which was mailed by Plaintiff's attorney to Defendant's attorney.  [Doc 8 at 3]  Plaintiff responds that the amount stated in the *Complaint*, $150,000, is "speculative" and that "at the time the Complaint was filed the amount in controversy [was] unknown."  [Doc 7 at 2]  Further, Plaintiff argues that the settlement offer was a "preliminary communication attempting to settle this dispute" and that it does not "affirmatively establish the amount that would be required to settle the dispute."  [Id. at 3]

In McPhail, our Circuit considered a complaint that did not allege a specific dollar figure.  Id. at 955.  The Court concluded that the complaint might have been "sufficient by itself to support removal," because the defendant was able to estimate potential damages based on the nature of the allegations, the permitted statutory recoveries, and the statutory caps for damages associated with the claims.  Id. at 957.  It was not necessary, however, to rely on the complaint alone, because "because the correspondence between counsel that was incorporated in the notice of removal demonstrates that [the plaintiff's] attorneys also believed the amount in controversy 'very well may be' in excess of $75,000."  Id.  The Court held that the settlement discussions were "relevant evidence of the value of the claim," and that given the contents of the complaint and the

"supplementary information," it was not "legally certain" that the plaintiff would recover less than $75,000.  Id.

Plaintiff's *Complaint* states the following:  "Upon information and belief Plaintiff concludes that he could realistically be owed royalties from the Defendant in the amount of $150,000."  [Doc 1-2 at 5]  Plaintiff does not dispute that his *Complaint* includes this demand.  Instead, Plaintiff characterizes the figure as speculative, because it is based on 2002 figures for the sale of books and not on actual sales figures from subsequent years.  [Id.]  Plaintiff provides no authority for the proposition that an amount in controversy must be supported by actual sales figures.  Indeed, it is well established that a "defendant may rely on an estimate of the potential damages from the allegations in the complaint."  Id. at 955.  Thus, even in cases where the plaintiff does not seek a specific numerical figure, the defendant is permitted to extrapolate the amount in controversy based on "a combination of facts and theories of recovery that may support a claim in excess of $75,000. . . ."  Id.  In this case, Plaintiff has asserted a specific dollar figure, that figure is based on Defendant's previous sales, and that figure exceeds the amount in controversy requirement.

While this determination alone might be enough to vest this Court with jurisdiction, Plaintiff also communicated his perceived value of the case to Defendant and its counsel.  See id. at 957.  In a letter to Defendant's counsel, Plaintiff stated that "[b]ased on past years 1099 forms issued by your company to [Plaintiff] and his knowledge of the company's sales of books we calculate that [Plaintiff] has been

underpaid approximately $150,000." [Doc 1-5 at 1]   Although our Circuit, in McPhail, acknowledged that a settlement offer would not be admissible at trial as evidence of damages or liability, this statement in the settlement context remains evidence to be considered when "deciding the jurisdictional question." Id. at 956.  This is because

> [t]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.

Id.  For these reasons, the McPhail Court validated the use of settlement offers and documents for the purpose of determining the amount in controversy.  Id. at 956-57.  Similarly, for this reason, Defendant has sufficiently established the amount in controversy such that this Court has jurisdiction over the action.

### III.   CONCLUSION

Defendant has demonstrated that more than $75,000 is potentially in controversy, and that it is not legally certain that Plaintiff will recover an amount less that $75,000.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion To Remand To State Court* [Doc 7] is **DENIED**.

**SO ORDERED** this 10th day of May, 2011, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge